UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

IN RE MARTIN STUART LEVINE,

                            Debtor.

------------------------------------------------------------------:

YANN GERON, *as chapter 7 trustee of the estate of*
*Martin Stuart Levine,*

                           Plaintiff,

              -v-

MARTIN STUART LEVINE et al.,

                         Defendants.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/1/2012

11 Civ. 9101 (PAE)

OPINION & ORDER

Chapter 7 Case No.
00-15511 (SCC)

Adv. Pro. 02-3492 (SCC)

PAUL A. ENGELMAYER, District Judge:

    Defendants Martin Stuart Levine, Cynthia Levine, Logan Levine, TUA Logan Ariel Levine 1991 Trust, TUA Brett Andrew Levine 1991 Trust, and various accounts held under the Uniform Gift to Minors Act by Logan Levine (collectively, the "Levines"), and plaintiff Yann Geron (the "Trustee"), in his capacity as trustee move, jointly, under 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011, to withdraw adversary case 02-3492 (SCC) ("the adversary case") from reference to the United States Bankruptcy Court for the Southern District of New York as part of case 00-15511, *In re Martin Stuart Levine*, pending before the Honorable Shelley C. Chapman, United States Bankruptcy Judge. For the following reasons, the parties' motion to withdraw the adversary case is granted.

[1]

## I. Background[1]

On November 22, 2000, Mr. Levine filed a voluntary petition under Chapter 7 of the Bankruptcy Code with this Court, pursuant to which an order of relief was entered by the Bankruptcy Court.  On November 21, 2002, RBA Southampton Hills, LLC commenced the adversary proceeding in the Bankruptcy Court by asserting claims for conversion, unjust enrichment, turnover, constructive trust, and fraudulent conveyance.  On June 23, 2004, defendants filed their answer.  The parties did not consent to the Bankruptcy Court's entry of final judgment as to the non-core causes of action, pursuant to Rules 7008(a) and 7102 of the Federal Rules of Bankruptcy Procedure.

On July 8, 2004, the parties filed a Joint Statement of Consent, agreeing to have the jury trial conducted by the Bankruptcy Court.  However, on September 23, 2004, the parties signed a Stipulated Withdrawal of Consent, seeking to withdraw their consent, agreeing that the Bankruptcy Court would retain jurisdiction over discovery, dispositive motions, and other pre-trial matters, but that the jury trial would be conducted by the District Court.  To that effect, the parties filed a joint partial withdrawal of the reference with the Bankruptcy Court.  The Clerk of the Bankruptcy Court informed the parties that the joint motion would be filed with the District Court; however, the parties jointly represent that this never occurred.  The joint motion to partially withdraw was therefore never adjudicated by the District Court.

On March 1, 2006, the Trustee filed a motion to withdraw the bankruptcy reference as to all pre-trial matters and as to the jury trial.  Defendants objected on the grounds that (1) the Stipulation of Withdrawal signed in 2004 was binding, and (2) the Bankruptcy Court had proper jurisdiction over pre-trial matters.  On February 27, 2007, Judge Denny Chin, to whom the

---

[1] The facts set forth herein are drawn from the parties' briefs on the instant motion.

dispute was assigned, denied the motion to withdraw and held that the Stipulation of Withdrawal

of Consent was binding. *See Geron v. Levine et al.* (*In re Levine*), No. 06-cv-1601, 2007 WL

594963 (S.D.N.Y. Feb. 27, 2007). Accordingly, the Bankruptcy Court retained jurisdiction over

all pre-trial matters. On October 23, 2007, Judge Chin dismissed the case without prejudice to

reinstatement if and when the adversary proceeding was trial-ready.

The deadline for completion of all fact discovery was September 30, 2011. On October

14, 2011, the Trustee and the Defendants each filed a motion for summary judgment in the

Bankruptcy Court. On December 2, 2011, the parties jointly stipulated to the withdrawal of the

bankruptcy reference. *See* Stipulation Regarding Summ. J. Mots., No. 02-3492 (SCC), (Bankr.

S.D.N.Y. Dec. 2, 2011) (Dkt. 233). On December 12, 2011, the parties filed a joint motion with

this Court, seeking to withdraw the reference of the adversary proceeding and to reinstate the

adversary proceeding in this Court.

## II. Discussion

District courts have original jurisdiction over "all civil proceedings arising under title 11,

or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). However, a district court

may refer these matters to the Bankruptcy Court. 28 U.S.C. § 157(a). The practice of district

courts in this District has been to automatically refer all such cases to the Bankruptcy Court in

the first instance. *See Joseph DelGreco & Co., Inc., et al. v. DLA Piper LLP (US)* (*In re Joseph

DelGreco & Co., Inc.*), No. 10-cv-6422, 2011 WL 350281, at *2 (S.D.N.Y. Jan. 26, 2011) (citing

*Official Comm. of Unsecured Creditors of the VWE Grp., Inc. v. Amlicke* (*In re VWE Grp., Inc.*),

359 B.R. 441, 446 (S.D.N.Y. 2007)). But this referral process is not a one-way street. District

courts also have authority to "withdraw . . . any case or proceeding referred on its own motion or

on a timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

[3]

Although § 157(d) does not define "cause," the Second Circuit has instructed district courts to evaluate a motion for withdrawal of a bankruptcy reference in light of several factors. *See Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095 (2d Cir. 1993), *cert. denied*, 511 U.S. 1026 (1994). These are (1) whether the asserted claim is "core" or "non-core"; (2) whether the claim is legal or equitable and thus whether a right to a jury trial exists; and (3) whether other factors counsel in favor of withdrawal; these may include the efficient use of judicial resources, delay and cost to the parties, uniformity of bankruptcy administration, and the prevention of forum shopping. *Id.* at 1101; *see also S. St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 762 (2d Cir. 1996); *DelGreco*, 2011 U.S. Dist. LEXIS 10972, at *5; *Dev. Specialists, Inc. v. Peabody Energy Corp et al. (In re Coudert Brothers)*, No. 11-cv-4949 (S.D.N.Y. Nov. 23, 2011). The Court considers each factor in turn.

### A. Core vs. Non-Core Claims

The Bankruptcy Code divides claims into "core" claims and "non-core" claims. 28 U.S.C. § 157(b)(1), (c)(1); *see also United States Lines (S.A.) Inc. v. Am. S.S. Owners Mut. Prot. & Indem. Assoc. (In re United States Lines, Inc.)*, 197 F.3d 631, 636 (2d Cir. 1999). A core claim may be heard and determined with finality by the Bankruptcy Court, such that the court may "enter appropriate orders and judgments" with respect to these claims, subject, of course, to a right to appeal. 28 U.S.C. § 157(b)(1). However, following the Supreme Court's recent decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), bankruptcy courts cannot constitutionally be vested with the power to issue final judgment as to issues that implicate only private rights. Accordingly, issues deemed to be core that involve only private rights cannot be subject to final adjudication by the Bankruptcy Court unless the parties consent. *See id.*; *see also Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, No. 11-cv-5994, 2011 WL 5244463,

[4]

at *7 (S.D.N.Y. Nov. 2, 2011) ("If the claim involves private rights, Congress cannot vest final adjudicative power over it in the Bankruptcy Court consistent with Article III, whether the claim is 'core' or 'non-core'."). The Bankruptcy Court may hear non-core claims; however, unless the parties so consent, in such cases the Bankruptcy Court is limited to submitting proposed findings of fact and conclusions of law to the district court, for its *de novo* review. *See* 28 U.S.C. § 157(c)(1). Thus, following *Stern*, only core claims involving public rights may be determined with finality by the Bankruptcy Court without consent of the parties. All others require consent.

The parties agree that one claim in the complaint – the fraudulent conveyance claim – is core. As to this claim, whether the Bankruptcy Court may enter a final judgment may depend on a finding of whether, as in *Stern*, only private rights are at issue. If the claim does not implicate private rights, the Bankruptcy Court could, pursuant to § 157(b), enter final judgment as to that claim only. However, if the Bankruptcy Court were to grant summary judgment on this core claim, the Trustee could, and has indicated to the Court that he would, appeal such a grant to this Court. Thus, the Court would be compelled to rule on the Bankruptcy Court's jurisdiction to enter such a final order. *See* Joint Mot. to Withdraw Reference 8, Dec. 13, 2011 (Dkt. 1). Alternatively, if this Court were to find that the fraudulent conveyance claim implicates only private rights, then pursuant to the Supreme Court's holding in *Stern*, this Court would be compelled to treat any decision below as constituting proposed findings of fact and conclusions of law, for the Court to review *de novo*, inasmuch as the Bankruptcy Court would be precluded from entering final judgment without the parties' consent. Thus, in either posture, ruling on the fraudulent conveyance claim will all but inevitably come before this Court.

The parties agree that apart from the fraudulent conveyance claim, all other claims in the complaint are non-core. Because the parties do not consent to final adjudication by the

Bankruptcy Court as to these non-core claims, the Bankruptcy Court cannot enter final judgment as to them.

## B. Defendants' Right to a Jury Trial

Under 28 U.S.C. § 157(c), all bankruptcy rulings in non-core matters are reviewable by a district court. As a result, a jury verdict on a non-core issue in a bankruptcy trial cannot stand, because it would be subject to review by the district court, which in turn would violate the Reexamination Clause of the Seventh Amendment. *See* U.S. Const. amend. VII; *Orion*, 4 F.3d at 1101 (the Constitution "prohibits bankruptcy courts from holding jury trials in non-core matters"). It follows that "a finding that a claim is non-core and that a jury demand has been filed may create cause for withdrawing the reference." *Orion*, 4 F.3d at 1101.

The right to a jury trial counsels in favor of withdrawal of the reference in this case. Here, the Trustee has demanded a jury trial. All but one of the claims in the complaint are non-core, and thus if summary judgment is not granted as to those claims, they will all be brought to trial before this Court. And even if the Court held that one core claim (fraudulent conveyance) did not implicate solely private rights and thus a final resolution of it in the Bankruptcy Court was consistent with *Stern*, only that claim could be thus resolved; the remainder of the claims would have to be resolved in a jury trial before this Court. Because the Trustee demands a jury trial, for efficiency's sake, all claims, both core and non-core, should be resolved before this Court.

## C. Other Considerations

The Second Circuit has instructed district courts, in deciding whether withdrawal of a reference is merited, to "weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other

[6]

related factors." *Orion*, 4 F.3d at 1101.  Although the Bankruptcy Court could presumably resolve the parties' motions for summary judgment on core issues – as long as such issues do not contravene the *Stern* prohibition on final adjudication by bankruptcy courts of issues involving only private rights – here, judicial economy weighs in favor of withdrawal of the reference at this time.

First, the Bankruptcy Court lacks final adjudicative authority over most, if not all, of the claims.  As to the core claim, if the Bankruptcy Court grants defendants' motion, the Trustee would appeal the judgment to this Court.  As to the non-core claims, if the Bankruptcy Court submits to this Court a proposed finding of fact and conclusion of law recommending that this Court grant the defendants' motion, the recommendation would be subject to *de novo* review. Thus, in the event that the defendants' motion was granted as to all claims, this Court would be forced to act as both trial court and appellate court, splitting the dispute into multiple claims set in differing procedural postures.  *See Dev. Specialists, Inc.*, 2011 WL 5244463, at *7 ("[W]here the Bankruptcy Court lacks final adjudicative authority, the remaining *Orion* considerations will often tend to point toward withdrawal.").

Second, if the Court grants either of the motions with respect to the core claim, the parties will undoubtedly request that this Court rule, pursuant to the Supreme Court's decision in *Stern*, on whether the Bankruptcy Court had authority to enter such a final order at all.  Such an inquiry would be avoided altogether if this Court were to withdraw the reference.

Finally, withdrawal is appropriate at this time.  In 2006, Judge Chin dismissed the case without prejudice to reinstatement if and when the adversary proceeding was trial-ready.  The case is not, at present, trial-ready, but it will become trial-ready if the parties' summary judgment motions are denied.  Because the case would then be withdrawn from the Bankruptcy Court for

[7]

the purposes of trial, efficient use of judicial resources counsels in favor of withdrawal before resolution of the summary judgment motions.

### III. Conclusion

For the foregoing reasons, the parties' joint motion to withdraw the reference for the adversary case 02-3492 (SCC) from the Bankruptcy Court (Dkt. No. 1) is granted. The Clerk of Court is directed to withdraw the reference of this case from the Bankruptcy Court.

The parties are directed to submit to the Court a joint proposed briefing schedule for their summary judgment motions by February 8, 2012.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: February 1, 2012
      New York, New York

[8]